

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

MICHAEL T. DREHER, on behalf of himself *
and other similarly situated,
\*
Plaintiff,
\* Civil Action No.: 3:13-CV-140-JAG-DJN
v.
\*
ATLANTIC REMODELING CORP,
\*
Defendant.
\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff, Michael T. Dreher, ("Plaintiff") and Defendant Atlantic Remodeling Corp. ("Atlantic Remodeling") through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, financial information, confidential research and development, or other proprietary information belonging to Atlantic Remodeling and/or credit and other confidential information of the Plaintiff and third parties whose information may be disclosed during the discovery process.

THEREFORE, this Court orders as follows:

1. This Protective Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Protective Order.

2. Any documents, testimony or information, submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by

any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS EYES ONLY." Such documents, transcripts, or other materials are collectively referred herein as "CONFIDENTIAL/AEO MATERIALS." For each document or deposition portion so designated, the designating party shall state the legal and factual basis for the designation. The designating party may not designate documents or deposition portions in mass and instead must do so by individual document/page number or deposition page/line numbers.

3. A party wishing to designate portions of a deposition transcript as CONFIDENTIAL/AEO MATERIALS pursuant to this Protective Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript as CONFIDENTIAL/AEO MATERIALS, in accordance with paragraph 2 of this Protective Order. The designating party shall designate such CONFIDENTIAL/AEO MATERIALS either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a notice setting forth the page, line numbers and designation. The designating party must serve such notice within fourteen (14) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the fourteen (14) day period described in this paragraph. Any portions of a transcript designated as CONFIDENTIAL/AEO MATERIALS shall thereafter be treated as confidential in accordance with this Protective Order. The parties shall negotiate in

2

good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL/AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Protective Order.

5. Subject to paragraph 8, in the absence of prior written permission from the designating party or an order by the Court, materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties, their attorneys and their attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and (iii) expert witnesses and their staff employed for this litigation after such experts have signed the acknowledgment attached as Exhibit A; (iv) present or former employees of the producing party in connection with their depositions in this action, including witnesses produced pursuant to Fed. R. Civ. P. 30(b)(6);(v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; (vi) outside professional vendors that provide litigation support services, such as photocopying, imaging, videotaping, exhibit preparation, etc. after such vendors have signed the acknowledgment attached as Exhibit A, and (vii) the Court, Court personnel, and members of any jury impaneled to hear this case.

6. Subject to paragraph 8, CONFIDENTIAL MATERIALS shall not be disclosed to any person or vendor designated in paragraphs 5(iii) or (vi) unless such person or vendor has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Protective Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL/AEO MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Protective Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. In no event shall such person make any other use of such CONFIDENTIAL/AEO MATERIALS. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified.

7. Subject to Paragraph 8, in the absence of prior written permission from designating party or an order by the Court CONFIDENTIAL-ATIORNEYS EYES ONLY materials shall not be disclosed to any person other than counsel of record in this case.

8. In the event that any party disagrees with any designation made under this Protective Order, that party shall bring it to the attention of the designating party. The parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified. the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for ten (10) calendar days after such notice. The designating party shall have the

right to move the Court to retain the designated status of such materials. If the designating party files such a motion within the ten (10) calendar day period, the receiving party shall continue to retain the materials consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

9. Subject to Paragraph 8, any party seeking to file CONFIDENTIAL/AEO MATERIALS with the Court must contact the designating party five (5) calendar days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL/AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL/AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL/AEO MATERIALS shall file such material in accordance with Local Rule 5(B) & (D). The designating party shall file a Motion to File Under Seal, in accordance with Local Rule 5(C) & (D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

10. Subject to Paragraph 8, within sixty (60) days after the conclusion of this case, the parties shall assemble and return to the designating party all materials containing information designated in accordance with Paragraph 2, above. The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

11. The inadvertent or unintentional disclosure of CONFIDENTIAL/AEO MATERIALS by a producing party without the appropriate designation or the inadvertent or

2766326.2 42894/121661 06/27/2013

unintentional disclosure of privileged materials without an appropriate claim of privilege shall not be deemed a waiver in whole or in part of the party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter. If a party has inadvertently produced information subject to a claim of confidentiality or privilege, the receiving party, upon request, or, on its own initiative as such time as the receiving party reasonably and in good faith believes itself to be in possession of inadvertently produced materials, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production.

12. Nothing in this Protective Order shall be construed to prevent a party or a nonparty from seeking such further provisions regarding confidentiality as may be appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion and showing.

13. Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

14. This Protective Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

15. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

16. Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL/AEO MATERIALS, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL/AEO MATERIALS does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

18. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing Plaintiff and Atlantic Remodeling with written notice that they intend to comply with and be bound by the terms of this Protective Order.

19. In the event any party to this action is served with any discovery, subpoena, order or other legal process requiring the production or disclosure of documents or information designated in this action by the other as CONFIDENTIAL/AEO MATERIALS, they agree to abide by this Protective Order and give prompt written notice via facsimile or other electronic transmission to the designating party within three (3) business days of receiving such discovery, subpoena, order or legal process, including a copy thereof.

2766326.2 42894/121661 06/27/2013

20. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

IT IS SO ORDERED.

Dated: July 8, 2013

/s/ *[signature]*
John A. Gibney, Jr.
United States District Judge
Judge

So stipulated by the parties:

Date: 6/27/13

*[signature]*
Kristi Cahoon Kelly (VSB# 72791)
Andrew J. Guzzo (VSB #82170)
Surovell, Isaacs, Petersen & Levy PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
703-277-9774 - Telephone
703-591-9285 - Facsimile
kkelly@siplfirm.com
aguzzo@siplfirm.com

Leonard A Bennett (VSB #37523)
Susan M. Rotkis (VSB#40693)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, Virginia 23601
757-930-3660 – Telephone
757-930-3662 – Facsimile
lenbennett@clalegal.com
srotkis@clalegal.com

**Attorneys for Plaintiff**

Date: July 1, 2013

*[signature]*
James T. Kimble, VSB No. 34581
Brian L. Moffet (admitted *pro hac vice*)
Gordon Feinblatt LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
Phone: (410) 576-4000
Fax: (410) 576-4269
bmoffet@gfrlaw.com
jkimble@gfrlaw.com

**Attorneys for Defendant Atlantic Remodeling Corp.**

2766326.2 42894/121661 06/27/2013

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2013, the foregoing Stipulated Protective Order was filed in paper copy with the Clerk's Office of the Eastern District of Virginia and mailed via first class mail to:

Kristi Cahoon Kelly
kkelly@siplfirm.com
Andrew J. Guzzo
aguzzo@siplfirm.com
Surovell, Isaacs, Petersen & Levy PLC
4010 University Drive, Second Floor
Fairfax, VA 22030
*Attorneys for Plaintiff*

Leonard A Bennett
lenbennett@clalegal.com
Susan M. Rotkis
srotkis@clalegal.com
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
*Attorneys for Plaintiff*

James T. Kimble (VSB No. 34581)
Brian L. Moffet (admitted *pro hac vice*)
GORDON FEINBLAT, LLC
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202
410-576-4178
410-576-4292
jkimble@gfrlaw.com
bmoffet@gfrlaw.com
**Attorneys for Defendant
  Atlantic Remodeling Corp.**