IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL T. DREHER,

    Plaintiff,

v.                                                     Case No. 3:13-cv-00140-JAG

ATLANTIC REMODELING CORP.,

    Defendant.

## MEMORANDUM ORDER

THIS MATTER came before the Court on defense counsel's emergency motion to withdraw as counsel for defendant Atlantic Remodeling Corporation ("Atlantic"), and request for a thirty-day stay of all proceedings. (Dkt. nos. 19 and 21.) The sole basis for the withdrawal motion is a recent "deterioration" in the attorney-client relationship. On July 8, 2013, this Court Ordered defense counsel to submit, *in camera*, a detailed statement of the circumstances supporting the motion to withdraw. Plaintiff opposes the motion to withdraw and request for a stay.

The Clerk is DIRECTED to place defense counsel's *in camera* submission under seal. It is ORDERED that the *in camera* submission be accessible only by the Court.

The Court has reviewed counsel's *in camera* submission and GRANTS counsel's motion to withdraw. *See* Va. Rules of Prof'l Conduct 1.16(b)(5) and (b)(6); *see also Cavallo v. v. Star Enterprise*, 153 F.3d 719 (Table), 1998 U.S. App. LEXIS 15114, at *8 (4th Cir. July 7, 1998) (affirming the district court's decision ordering withdrawal where it was "apparent from the record that the mutual trust and confidence required to sustain the attorney-client relationship

had deteriorated beyond repair."); *NGM Ins. Co. v. Secured Title & Abstract, Inc.*, 2008 U.S. Dist. LEXIS 33478, at *4 (E.D. Va. Apr. 23, 2008) (*in camera* review of counsel's confidential submission revealed an "impasse in necessary communication and cooperation between counsel and client that precludes effective representation on a continuing basis."). The Clerk is DIRECTED to terminate James T. Kimble, Brian L. Moffet and the law firm of Gordon Feinblatt, LLC as counsel for the defendant.

Because Atlantic is a corporation, it may not proceed *pro se* in federal court and must secure substitute counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993); *Honour Technical Group, Inc. v. United States*, 326 F. App'x 141, 142 (4th Cir. 2009). During the parties' July 8 telephonic hearing with the Court, Atlantic's then-counsel informed the Court that Atlantic had retained new counsel.

Atlantic's new counsel must be given time to get up to speed and to prepare to defend Atlantic's interests. Atlantic's new counsel is, therefore, ORDERED to enter his or her appearance forthwith, but no later than August 9, 2013.

Atlantic's motion to stay is GRANTED, in part. Unless otherwise noted in this Order, all deadlines in the Court's Initial Pretrial Order are STAYED for thirty (30) days.

No further written discovery shall be propounded. The parties may conduct depositions as they deem necessary, but the depositions must be set on a schedule convenient to plaintiff's counsel.

The parties shall participate in the scheduled settlement conference with Magistrate Judge Novak on August 13, 2013.

The Court CANCELS the trial date of September 18, 2013, and continues the matter generally. The parties are ORDERED to contact chambers to schedule a new trial date.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Date: July 9, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

3