AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| | | |
|---|---|---|
| MICHAEL T. DREHER | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:13-cv-00140 (JAG) |
| ATLANTIC REMODELING CORP | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Virginia ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: BERTRAM LEBHAR
5214 SCENIC DRIVE, PERRY HALL, MARYLAND 21128-8940

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHMENT A TO THIS SUBPOENA.

| Place: SUROVELL ISAACS PETERSEN & LEVY PLC<br>4010 University Drive, Suite 200<br>Fairfax, VA 22030 | Date and Time:<br><br>07/24/2013 2:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 07/09/2013

*CLERK OF COURT*

OR    /s/ *(signature)*

_____          _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* MICHAEL T. DREHER, on behalf of himself and others similarly situated, Plaintiff     , who issues or requests this subpoena, are:
KRISTI C. KELLY, Esq./VSB #72791
SUROVELL ISAACS PETERSEN & LEVY PLC, 4010 University Drive, Suite 200, Fairfax, VA 22030
Telephone: (703) 251-5400  Email: kkelly@siplfirm.com

Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:13-cv-00140 (JAG)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL T. DREHER,<br>on behalf of himself and others<br>similarly situated,<br>　　　　Plaintiff,<br>　v.<br><br>ATLANTIC REMODELING CORP.,<br><br>　　　　Defendant. | Civil Action No. 3:13-CV-140-JAG<br>(Currently Pending in the Eastern District<br>of Virginia, Richmond Division) |

SERVE:　BERTRAM LEBHAR
　　　　　5214 SCENIC DR
　　　　　PERRY HALL, MD 21128-8940

## ATTACHMENT A TO SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that on or before **July 24, 2013 at 2:00 p.m.**, pursuant to Rule 45 of the Federal Rules of Civil Procedure, BERTRAM LEBHAR, shall produce the documents identified below, in accordance with the attached Subpoena *Duces Tecum* (Attorney-Issued), to Capital Reporting Company, 111 South Calvert Street, Suite 2700, Baltimore, MD 21202. ** COPIES IN LIEU OF ORIGINALS MAY BE PRODUCED TO: Kristi C. Kelly, Esq., Surovell Isaacs Petersen & Levy PLC, 4010 University Drive, Suite 200, Fairfax, Virginia 22030. **

### Instructions

A.　If any of the documents requested herein have been destroyed or transferred out of your possession, custody or control and cannot be produced pursuant to this Request, describe when such destruction or transfer occurred, the reason(s) for such destruction or transfer, the nature of such destruction or transfer, the person(s) who effected such destruction

or transfer and, if transferred, the name and address of the person(s) or entity(ies) now holding such transferred documents.

B.    If originals or copies of any documents requested herein have been destroyed and copies can be obtained by you from the originator (e.g., bank, credit card company, agent, friend), it is requested that you obtain such copies and provide them.

C.    This Request is to be considered ongoing, and you are specifically requested to supplement your responses from time to time through the date of trial to include information hereafter acquired.

### Definitions

A.    The pronouns "you" and "your" refer to the party to whom this Request is addressed.

B.    The term "document" means any record concerning the subject matter inquired of to include, but not be limited to, correspondence (by letter, memoranda, facsimile transmission, computer readable file or form, or other means), accounting entries (either manually created or computer created, including compilations of the same), any reports or submissions to any other entity or persons which includes, in whole or in part, such information, notes (including those of meetings or conversations during which the requested information was discussed), drawings, graphs, charts, photographs, records, tape recordings (audio and video), computer discs, calendars, diaries, journals, notebooks, or other written instrument.

C.    The term "relating to" means concerning, referring to, describing, evidencing or constituting.

D.    The use of the singular form of any word includes the plural, and vice versa.

## CATEGORIES OF DOCUMENTS TO BE PRODUCED

All documents regarding <u>any and all income</u> you received from ownership of ATLANTIC REMODELING CORPORATION ("Atlantic Remodeling"), including all of its branches, departments, subsidiaries, etc., for the period <u>January 1, 2010 to the present</u>. The documents shall include, <u>but not be limited to</u>, the following:

1. All income and/or financial statements from Atlantic Remodeling.
2. Profit and loss statements from Atlantic Remodeling.
3. Balance sheets from Atlantic Remodeling.
4. Payment documents issued to you from Atlantic Remodeling.
5. W-2's issued to you from Atlantic Remodeling.
6. Your IRS Schedule C's, Profit or Loss from Business.
7. Your IRS Schedule C-EZ's, Net Profit from Business.
8. Your IRS Schedule D's, Supplemental Income and Loss.
9. IRS Schedule K-1's provided to you by Atlantic Remodeling.

Respectfully Submitted,

**MICHAEL DREHER, on behalf of himself and others similarly situated**

By: _____
Kristi Cahoon Kelly, VSB# 72791
Andrew J. Guzzo, VSB #82170
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Suite 200
Fairfax, VA 22030
703-277-9774 - Telephone
703-591-9285 - Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
757-930-3660 - Telephone
757-930-3662 – Facsimile
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the 9th day of June, 2013, I sent via electronic mail and regular mail a true copy of the foregoing to the following individuals:

Brian L. Moffet
GORDON FEINBLATT, LLC
233 East Redwood Street
Baltimore, MD 21202
Phone: (410) 576-4000
Fax: (410) 576-4269
Email: bmoffet@gfrlaw.com

James T. Kimble
GORDON FEINBLATT, LLC
233 East Redwood Street
Baltimore, MD 21202
Phone: (410) 576-4178
Fax: (410) 576-4269
Email: jkimble@gfrlaw.com
*Counsel for Defendant*

Kristi C. Kelly, VSB#72791
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
Phone: (703) 277-9774
Fax: (703) 591-9285
Email: kkelly@siplfirm.com

4