IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL T. DREHER,

Plaintiff,

v.

Case No. 3:13-cv-00140-JAG

ATLANTIC REMODELING CORPORATION,

Defendant.

**MEMORANDUM ORDER**

THIS MATTER comes before the Court on the objection and motion to quash of Bertram Lebhar and Atlantic Remodeling Corporation. (Dkt. no. 14.) Discovery in this case originally closed on July 10, 2013, but that deadline was later extended for an additional thirty (30) days. The extension did not pertain to additional written discovery.

The plaintiff propounded discovery to Atlantic on May 23, 2013. The defendant submitted tardy objections on June 13, and did not respond to the plaintiff's discovery requests until July 24, 2013.

On July 10, 2013, plaintiff served Mr. Lebhar with a subpoena *duces tecum* seeking the production of various financial documents pertaining to both Mr. Lebhar's and the defendant's net worth. The subpoena commanded Mr. Lebhar to produce responsive documents by July 24, 2013. Mr. Lebhar is Atlantic's chief executive officer.

A Rule 45 subpoena seeking documents from a third-party is a discovery device and therefore subject to a scheduling order's general discovery deadlines. Importantly, subpoenas *duces tecum* are not meant to provide an end-run around the regular discovery process under

Rules 26 and 34. *Burns v. Bank of Am.*, 2007 U.S. Dist. LEXIS 40037, at *46 (S.D.N.Y. June 4, 2007). If a plaintiff believes information concerning a defendant's net worth is somehow relevant to his claims or defenses, he should seek such information *from the defendant – not* the defendant's CEO. As it turns out, the propriety of the subpoena now under review is much ado about nothing because plaintiff previously sought virtually the exact same information from Atlantic in discovery.

The record in this case indicates that plaintiff timely requested information about Atlantic's net worth, albeit in the form of timely interrogatories and document requests that were served on Atlantic on May 23. If Atlantic believed (as it apparently does) that such discovery requests were improper, it should have submitted timely objections to those requests. It did not, and no extension of time was requested. Indeed, Atlantic did not object to the plaintiff's requests seeking net worth information until June 13, 2013, (*see* dkt. no. 17-2), in direct contravention of this Court's fifteen-day objection period. *See* E.D. Va. Loc. Civ. R. 26(C). Therefore, Atlantic has WAIVED its right to object to the plaintiff's discovery requests. In its reply brief, Atlantic argues that it "has already produced more than adequate information concerning its financial circumstances." (Dkt. no. 37 at 3 n.1.) This misapprehends the standard for responding to discovery. The party must respond to each discovery request to which it has not objected, to which it has waived its right to object, and where the propounding party insists on a response. Accordingly, the Court ORDERS Atlantic to provide complete responses to the plaintiff's discovery requests (both interrogatories and requests for production) no later than August 16, 2013. These supplemental responses must be signed under oath. Atlantic can take solace that the information it discloses will be subject to the Court's previously-entered protective order. (Dkt. no. 27.)

The Court GRANTS Mr. Lebhar's and Atlantic's motion to quash for several reasons. *First*, any request seeking the personal information of Mr. Lebhar is irrelevant to this dispute. Plaintiff concedes as much in its briefing. *See* dkt. no. 35 at 7 ("none of the requested documents [is] to determine the personal net worth of Lebhar . . . ."). This is a refreshing concession, particularly since the face of the subpoena *did* request Mr. Lebhar's personal financial information. *See, e.g.*, dkt. no. 31.1 (demanding, among other things, Mr. Lebhar's W-2s from 2010 to the present). *Second*, the subpoena was issued in an effort to avoid the discovery cutoff, which is an improper purpose. *See McLean v. Prudential Steamship Co., Inc.*, 36 F.R.D. 421, 425 (E.D. Va. 1965) (Hoffman, J.) ("It is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45."). *Third*, the subpoena sought cumulative information since plaintiff sought virtually all of the same information concerning Atlantic's net worth via written discovery propounded to the defendant. See *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (quashing a subpoena that was duplicative of already answered document requests); *Int'l Coal Grp., Inc. v. Tetra Fin. Grp., LLC*, 2010 U.S. Dist. LEXIS 51869, at *6-7 (D. Utah May 24, 2010) (citing Fed. R. Civ. P. 26(b)(2)(C)(i)'s limitation on unreasonably cumulative and duplicative discovery to quash a duplicative subpoena that sought documents "likely" already produced). For all of these reasons, the motion to quash is GRANTED.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Date: August 8, 2013
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge