IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL T. DREHER, on behalf of )
himself and others similarly situated, )
)
                     Plaintiff, )
)     Civil Action No. 3:13-CV-140-JAG
v. )
)
ATLANTIC REMODELING CORP., )
)
                     Defendant. )
_____ )

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

Defendant, The Atlantic Remodeling Corporation ("TARC" or "Defendant"), by counsel, submits this memorandum in support of its Motion for Protective Order.

### INTRODUCTION

This case concerns Plaintiff's claims that TARC, an exterior home remodeling contractor, violated both the federal and the Virginia Equal Credit Opportunity Acts (the "Acts") by failing to send Plaintiff an "adverse action notice" in the proper form required by the Acts, after Plaintiff had been denied credit by the lender TARC used to finance its customer's contracts, Atlantic Financial, Inc.

On May 23, 2013, Plaintiff issued interrogatories and document requests to TARC. Interrogatories 14 – 16 sought, *inter alia,* the names and addresses of all other persons who had applied for credit with Atlantic Financial, and had been rejected. Request for Production Nos. 8 – 12 sought documents related to the answers to those Interrogatories. Counsel for TARC initially agreed to respond to those Interrogatories and Requests for Production of Documents;

however, upon conferring with counsel for Atlantic Financial, learned that releasing this information could expose Atlantic Remodeling to liability under various laws prohibiting the release of that private financial information of the non-party credit applicants. Counsel for TARC promptly advised Plaintiff's counsel of the problem faced in providing the information and of TARC's decision not to provide it. During follow-up discussions with Plaintiff's counsel, TARC's counsel asked Plaintiff's counsel to provide any authority that would support Plaintiff's position that the private financial information should be produced, regardless of the prohibitions of the privacy laws and the existing Protective Order entered in this case. Plaintiff's counsel has not to date provided any such authority to dispute TARC's position that it is prohibited from producing the requested non-party financial information, as is fully set forth below.

TARC also sent Plaintiff a copy of an August 1, 2013 letter from counsel for the lender, Atlantic Financial, Inc., advising TARC that disclosure of the names and addresses of the rejected credit applicants, without their consent, "implicates both state and federal privacy statutes, including, but not limited to, the financial privacy provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. §6801, *et seq.*" *See* 8/1/2013 Letter, attached as Exhibit A.

At the August 7 deposition of Scott Austin, chief loan officer at Atlantic Financial, TARC's counsel approached one of Plaintiff's counsel to discuss the privacy issues relating to Interrogatories 14 – 16. Counsel advised TARC's counsel that Plaintiff was not interested in the names and addresses of the rejected applicants, but only in the number of such rejections. TARC has supplied that information to Plaintiff.

On August 9, 2013, in ruling on TARC's objections to Plaintiff's Rule 45 subpoena to TARC's President, this Court observed that TARC's discovery objections in general were

2

waived because they were tendered after the expiration of the 15-day objection period established by local rule.

After the Court issued the August 9 Order, another of Plaintiff's counsel contacted TARC's counsel and demanded that TARC provide the names and addresses of the rejected applicants.

As a result of this demand, and in light of the apparent competing interests in play: this Court's Order, and the prohibition set forth in the privacy laws, TARC seeks this Court's protection in this motion.

## POINTS AND AUTHORITIES

Congress passed the Federal Financial Modernization Act, better known as the Gramm-Leach-Bliley Act, or "GLBA," in November 1999. 15 U.S.C. 6801, *et seq*. Section 6802 of the GLBA provides that "except as otherwise provided in this chapter, a financial institution may not...disclose to a nonaffiliated third party any nonpublic personal information, unless such financial institution provides or has provided to the consumer a notice that complies with section 6803 of this title." 15 U.S.C.A. §6802(a).[1] Atlantic Financial, Inc. meets the definition of a "financial provider" under the terms of the GLBA. 15 U.S.C. §6809. The provisions of this section and the GLBA in general have been interpreted to limit, if not preclude, plaintiffs from obtaining discovery of the names and addresses of persons whose financial information is nonpublic. The FTC regulations define nonpublic information as (I) personally identifiable financial information; and (ii) any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any personally identifiable financial information that is not publicly available. 16 C.F.R. §313.3(n)(1). "Personally

---

[1] TARC does not believe that Atlantic Financial, Inc. provided notice to the rejected credit applicants prior to providing the list of names and addresses to Atlantic Remodeling.

identifiable financial information" is defined to include "any information about [the] consumer if it is disclosed in a manner that indicates that the individual is or has been [a] consumer [of the financial institution]." 16 C.F.R. § 313.3(o)(2)(i)(D). Release of the names and addresses of the rejected applicants of Atlantic Financial meets this definition. *See* Trans Union LLC v. Federal Trade Commission, 295 F.3d 42 (D.C. Cir. 2002).

Atlantic Remodeling is covered by the proscriptions of the GLBA. In Union Planters Bank v. Gavel, 2002 WL 975675 (E.D. La. 2002), the Court ruled that the GLBA prohibited a third-party from disclosing the information sought by the subpoena without the consent of the customers because the third-party was engaged in activity which was financial in nature. Union Planters, 2002 WL 975675 at *5.

Across the country there is a divergence of opinion as to whether the prohibitions of GLBA trump state law and judicial discovery orders. *Cf, e.g.,* Equitable Life Assurance Society of the United States v. Irving, 2003 WL 22098021, *4 (Miss. September 11, 2003) and Marks, et al. v. Global Mortgage Group Inc., et al., 218 F.R.D. 492 (D. WVa. 2003). There are express exceptions to the GLBA's prohibition against the disclosure of nonpublic personal information. 15 U.S.C. §6802(e), none of which specifically address discovery requests in a civil case. The Courts in Union Planters and Equitable Life determined that the exceptions did not apply to the discovery requests in those cases. Exception (8) applies to disclosure "to comply with federal, state or local laws, rules and other applicable legal requirements; to comply with a properly authorized civil, criminal or regulatory investigation or subpoena or summons by Federal, state or local authorities; or to respond to judicial process or government regulatory authorities having jurisdiction over the financial institution for examination, compliance, or other purposes as authorized by law." 15 U.S.C. §6802(e)(8). Again, there is a conflict in the authorities as to

4

whether this exception applies in aid of a private litigant involved in a motion to compel in a civil case. *Cf, e.g.*, Equitable Life Assurance Society of the United States v. Irving, 2003 WL 22098021, *4 (Miss. September 11, 2003) and Marks, et al. v. Global Mortgage Group Inc., et al., 218 F.R.D. 492 (D. WVa. 2003).

Atlantic Remodeling urges the Court to find that the GLBA precludes the dissemination by TARC of the names and addresses of the people who were denied credit by Atlantic Financial. This is not a "discrimination" case where there may be more a compelling need to know the particular identities of the rejected applicants. It is clear from the letter and spirit of the GLBA that this is precisely the kind of sensitive, embarrassing nonpublic financial information which should not be disclosed without the knowledge or consent of Atlantic Financial's rejected credit applicants.

## CONCLUSION

For the foregoing reasons, the Defendant Atlantic Remodeling Corporation respectfully prays that the Court issue its Protective Order as to the Plaintiff's discovery which requests the names and addresses of persons whose application for financing was rejected by Atlantic Financial, and award it such other and further relief as may be just and proper.

THE ATLANTIC REMODELING
CORPORATION

By:_____/s/_____
   Grady C. Frank, Jr., Esq. (VA Bar #14742)
   gfrank@kv-legal.com
   Thomas C. Junker, Esq. (VA Bar #29928)
   tjunker@kv-legal.com
   KAPLAN, VOEKLER, CUNNINGHAM
    & FRANK, PLC
   439 N. Lee Street
   Alexandria, Virginia 22314

(571) 527-1301
(571) 527-1319 (fax)

Paul D. Anders, Esq. (VA Bar #31712)
panders@kv-legal.com
KAPLAN, VOEKLER, CUNNINGHAM
 & FRANK, PLC
7 East 2nd Street
Richmond, VA 23224
*Counsel for Defendant The Atlantic Remodeling
Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

        Kristi C. Kelly, Esq.
        SUROVELL ISAACS PETERSEN & LEVY PLC
        4010 University Drive, Second Floor
        Fairfax, VA 22030
        kkelly@siplfirm.com

        Leonard A. Bennett, Esq.
        Susan M. Rotkis, Esq.
        CONSUMER LITIGATION ASSOCIATES, P.C.
        763 J. Clyde Morris Blvd., Suite 1-A
        Newport News, VA 23601
        lenbennett@clalegal.com
        srotkis@clalegal.com

                          /s/
        Grady C. Frank, Jr.

# Exhibit A



# SHUMAKER WILLIAMS P.C.
LEGAL AND BUSINESS COUNSEL

WRITER'S TELEPHONE NUMBER: 410.825.5223
WRITER'S E-MAIL ADDRESS: rowan@shumakerwilliams.com
Admitted to Bars of Maryland, Pennsylvania and District of Columbia

August 1, 2013

VIA E-MAIL & U.S. MAIL

Grady C. Frank, Jr., Esquire
Kaplan Voekler Cunningham & Frank, PLC
439 N. Lee Street
Alexandria, Virginia 22314

Re: *Michael T. Dreher v. Atlantic Remodeling Corp.*
United States District Court for the Eastern District of Virginia
District Court Case No.: 13-140
Our File No.: 13-747

Dear Mr. Frank:

As you know, this office represents Atlantic Financial, Inc. ("Atlantic Financial").

With regard to the above-referenced action, it has been brought to our attention that your client, Atlantic Remodeling Corp., is in possession of documents of Atlantic Financial in which credit applicants are identified. We request that your client refrain from the disclosure of the identity of any credit applicant to the Plaintiff or his counsel in the above-captioned action or any other person or entity. Such unauthorized disclosure potentially implicates both state and federal privacy statutes, including, but not limited to, the financial privacy provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. §6801, *et seq.*

Thank you for your cooperation.

Sincerely,

Michael E. Rowan

MER/cng:255178
cc: Atlantic Financial, Inc.

Dulaney Center II
901 Dulaney Valley Rd., Ste. 610
TOWSON, MD 21204
Tel: [410] 825-5223
Fax: [410] 825-5426

CAMP HILL, PA 717.763.1121
STATE COLLEGE, PA 814.234.3211
TOWSON, MD 410.825.5223
YORK, PA 717.848.5134

mail@shumakerwilliams.com